[No. F019940. Fifth Dist. June 1, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
ANTHONY JASSO, Defendant and Appellant.

**COUNSEL**

M. D. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, J. Robert Jibson and John A. O'Sullivan, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**MARTIN, Acting P. J.**—Defendant, Anthony Jasso, was charged in count I with a lewd and lascivious act upon a child of 14 years, a felony, in violation

of Penal Code section 288, subdivision (c);[1] in count II with oral copulation with a person under the age of 16 years, a felony, in violation of section 288a, subdivision (b)(2); in count III with oral copulation with a person under the age of 14 years, a felony, in violation of section 288a, subdivision (c); and in count IV with a lewd and lascivious act upon a child under the age of 14 years, a felony, in violation of section 288, subdivision (a).

On October 1, 1992, defendant pleaded guilty to count IV and counts I, II and III were dismissed. Probation was denied and defendant was sentenced to the upper term of eight years in state prison.

Defendant appealed from the judgment and this court affirmed in an opinion filed on September 16, 1993 (*People* v. *Jasso* (Sept. 16, 1993) F019006 [nonpub. opn.]).

On March 1, 1993, in proceedings before the Honorable Roger D. Randall, the court ordered recall of the sentence.[2]

On May 21, 1993, in proceedings before the Honorable Clarence Westra, Jr., the sentencing judge, he ruled the order of March 1, 1993, recalling the sentence, was void and declared his original sentencing order remained unchanged.[3] In the same proceedings, defendant's request for a certificate of probable cause was denied.

A timely notice of appeal followed.

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

[2] Judge Randall ruled:

"I think what I'd probably better do is recall the sentence just to make sure we don't end up with a problem of our own creation down the road.

". . . . . . . . . . . . . . . . . . . . . . . . . .

"We will recall the sentencing, set it for resentencing before Judge Westra [original sentencing court] . . . ."

[3] Judge Westra ruled:

"Well, the point I'm making, I guess, if it's within the exercise of a judge's discretion to recall a previously imposed sentence and it's [*sic*] very limited exception provided within 1170 D, it would appear to me that that is power that is not something that can be taken by another judge to recall the sentence. And I think that's the way I'm going to have to rule is that that was a void order if that's what it was by Judge Randall. Doesn't appear that that's something he would have the authority to do as a presiding judge, *and so I'm going to state for the record that that was done without authority, beyond his authority.* 1170 D is a very limiting statutory authority for the sentencing judge to evaluate in his own mind whether something about the case causes him to determine that the sentence imposed may not of [*sic*] been the appropriate sentence. There's no way any other judge could have made any evaluation like that.

"And under the circumstances, the order, apparently, is an invalid order and, therefore, I'm of the opinion that the judgment stands as it was and made on November the fifth, 1992." (Italics added.)

## FACTS[4]

On September 17, 1992, a sheriff's deputy and the mother of the alleged victim peered through a window of Mr. Jasso's trailer and saw 14-year-old Alena E. lying naked on a bed. Having entered the trailer, the deputy saw Mr. Jasso walk from the back of the trailer wearing only a pair of "Speedo" shorts.

In an interview at the sheriff's substation, the victim said she had gone to Mr. Jasso's residence and removed her clothing as she always did, walked around naked, and showered with defendant. She said defendant washed her breasts, but did nothing else during the shower. The victim added that defendant rubbed her breasts and vaginal area earlier during the evening. She described other occasions when she showered with defendant, saying he touched her breasts and vaginal area and performed oral sex on her. She also stated he would rub his penis on her vaginal area and sometimes penetrate her, adding, "but it doesn't go on in the hole." Defendant was arrested for various sexual acts with a minor younger than 14 and a minor 14 years old.

At the probation application interview, defendant described his relationship with the victim as one of "girlfriend" and "boyfriend." He stated he knew the relationship was illegal but he did not feel he did anything wrong. He emphasized that the victim consented to the sexual relationship and, at times, encouraged it. He stated he had tried to end the relationship, but she continued to stay in contact with him. He offered to leave town if released from custody.

According to the sheriff's report, the victim did not exhibit emotional trauma, but easily and openly discussed the sexual acts.

## DISCUSSION

■    Defendant contends Judge Westra committed prejudicial error by voiding Judge Randall's order to recall his sentence.

Section 1170, subdivision (d) governs recall and resentencing. That section states:

"When a defendant subject to this section or subdivision (b) of Section 1168 has been sentenced to be imprisoned in the state prison and has been committed to the custody of the Director of Corrections, the court may,

---

[4]This statement of facts is recited from the probation officer's report filed October 29, 1992, in superior court.

within 120 days of the date of commitment on its own motion, or at any time upon the recommendation of the Director of Corrections or the Board of Prison Terms, recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he or she had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence. The resentence under this subdivision shall apply the sentencing rules of the Judicial Council so as to eliminate disparity of sentences and to promote uniformity of sentencing. Credit shall be given for time served."

In the instant case, defense counsel requested the court act on its own motion to recall defendant's sentence because a number of letters on his behalf had been submitted since he was sentenced. Judge Randall granted the request in light of the fact that 116 days had passed since defendant was sentenced and Judge Westra was going to be unavailable through the balance of the 120-day statutory period. Because of the exigency of the situation, Judge Randall recalled the sentence and then set resentencing on a date when Judge Westra would be available. Judge Randall stated that he decided to issue the order to recall the sentence "to make sure we don't end up with a problem of our own creation down the road." Judge Randall may have acted out of an excess of caution but not, however, in excess of his jurisdiction.

When defendant came before Judge Westra for resentencing, Judge Westra ruled that the recall order was void because in his view section 1170, subdivision (d), a very narrow exception to the finality of sentencing, reserves the decision whether to recall and resentence to the judge who originally sentenced defendant because he or she would be the proper judge to evaluate "whether something about the case" would require a different sentence. Logic suggests in normal circumstances the original sentencing judge would be the one to recall a sentence as well as resentence a defendant; we note, however, the statute does not so specify. Defendant points out the Legislature could have included a provision in the statute that no judge may order recall of a sentence except the judge who imposed the sentence in the first place. No such provision was included, of course, and we have seen nothing to suggest such was the Legislature's intent. Merely substituting the words "sentencing judge" for the word "court" would have accomplished this result.

When interpreting a statute, we first must look to the language of the statute giving effect to its plain meaning. (*Kimmel* v. *Goland* (1990) 51 Cal.3d 202, 208-209 [271 Cal.Rptr. 191, 793 P.2d 524].) Giving effect to the plain meaning of section 1170, subdivision (d), the statute does not specify whether recall and resentencing are reserved exclusively to the original

sentencing judge or whether another judge with jurisdiction may make the determination under exceptional circumstances.

Moreover, to limit recall authority to the original sentencing judge would interfere with the efficient administration of the court. The Penal Code embodies the principle that if the judge presiding over a proceeding is unavailable, another judge of the same court may substitute for the absent judge. Section 1053 states in relevant part: "If after the commencement of the trial of a criminal action or proceeding in any court the judge or justice presiding at such trial shall die, become ill, or for any other reason be unable to proceed with the trial, any other judge or justice of the court in which the trial is proceeding may proceed with and finish the trial . . . ."

In the civil context, California Rules of Court, rule 236 is analogous. The rule states: "A motion to vacate judgment . . . shall be heard and determined by the judge who presided at the trial; provided, however, that in case of the inability or death of such judge or if at the time notice[d] for the hearing thereon he is absent from the county where the trial was had, the motion may be heard and determined by another judge of the same court."

Furthermore, the Supreme Court in *Dix* v. *Superior Court* (1991) 53 Cal.3d 442 [279 Cal.Rptr. 834, 807 P.2d 1063] has interpreted section 1170, subdivision (d) as affording trial courts broad discretion. There, the court held that section 1170, subdivision (d) permits recall and resentencing for any otherwise lawful reason. (53 Cal.3d at p. 460.) The Supreme Court recently reaffirmed its holding in *Dix* stating that the court is given the power to recall and resentence the defendant "for any reason rationally related to lawful sentencing." (*People* v. *Karaman* (1992) 4 Cal.4th 335, 352, fn. 19 [14 Cal.Rptr.2d 801, 842 P.2d 100].) Our Supreme Court did not limit this broad discretion to a particular judge.

In our view, section 1170 may be reasonably construed to provide that the original sentencing judge should be assigned a motion for recall and resentencing under section 1170, subdivision (d) when he or she is *available*. However, if unavailable for any reason prescribed in section 1053, then another judge of the court may substitute for the absent or otherwise unavailable sentencing judge. If another judge had no power to order a sentence recalled, the court would have its hands tied in the not uncommon event of a judge's unavailability, illness or death, which would certainly not be in the interest of justice.

Accordingly, we shall reverse the order of Judge Westra and remand the case for resentencing in accordance with the provisions of section 1170.

The order declaring void the order of March 1, 1993, recalling defendant's sentence pursuant to section 1170 is reversed and the matter is remanded to the trial court for further proceedings consistent with this opinion.

Vartabedian, J., and Bianchi, J.,* concurred.

---

*Retired judge of the Kern Superior Court sitting under assignment by the Chairperson of the Judicial Council.